# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Maurice Cairo Melancon,                                    Civ. No. 20-2249 (SRN/BRT)

                    Petitioner,

v.                                                         **REPORT AND
                                                           RECOMMENDATION**

State of Minnesota,

                    Respondent.

---

Maurice Cairo Melancon, *pro se* Petitioner.

Jonathan P. Schmidt, Esq., Hennepin County Attorney's Office, and Matthew Frank, Esq., Minnesota Attorney General's Office, counsel for Respondent.

---

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on Maurice Melancon's Motion for an Extension of Time. (Doc. No. 1.) Melancon seeks prospective equitable tolling of the one-year period to file his habeas petition. For the reasons explained below, this Court recommends that Melancon's motion be denied without prejudice.

## BACKGROUND

Melancon has not filed a habeas petition. Instead, he filed a written motion seeking prospective equitable tolling accompanied by exhibits. Melancon alleges in his motion that from November 2019 to January 2020 he was unable to prepare his habeas petition because he was suffering from poor health, which eventually required surgery. (Doc. No. 1 at 1.) According to his motion, Melancon was further prevented from filing

his petition because he was housed at Minnesota Correctional Facility – Oak Park

Heights ("MCF-OPH") to recover. (*Id.*) Melancon alleges that while recuperating at

MCF-OPH, he did not have access to his property for 90 days. (*Id.* at 2.) He also alleges

that he was preliminarily discharged from MCF-OPH on May 21, 2020. (*Id.*)

Subsequently, Melancon returned to MCF – Stillwater, where it was discovered on

August 28, 2020, that he was suffering from vision problems caused by diabetes. (*Id.*)

Finally, Melancon alleges that he spent three of the last five months in COVID-19

segregation/lockdown housing. (*Id.* at 2–3.) He states that on two occasions, this

prevented him from accessing his property. (*Id.* at 3.) In sum, Melancon asks for an

extension of time in which to file a habeas petition because he was physically unable to

prepare it, hindered in its timely preparation, and because he needs help due to his vision

problems. (*Id.*)

The exhibits Melancon attached are medical records and grievances he filed in an

effort to secure his property for habeas purposes. Those records show that Melancon

underwent surgery on January 24, 2020 (Doc. No. 1-1 at 2), and he received his property

at MCF-OPH on April 27, 2020. (*Id.* at 22.) The grievances also reflect that he notified

the institution that he needed his property to prepare a habeas petition. (*See, e.g.*, *id.* at 5.)

## ANALYSIS

Melancon seeks an order prospectively tolling the one-year statute of limitations

that applies to petitioners seeking federal habeas relief for a state-court judgment. For the

reasons that follow, this Court recommends that Melancon's request for equitable tolling

be denied without prejudice.

The Antiterrorism and Effective Death Penalty Act established a one-year statute of limitations within which state and federal prisoners must file a federal habeas petition. The Act provides that –

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)].

28 U.S.C. § 2244(d)(1)–(2).

However, "[n]othing in § 2244(d) permits courts to provisionally extend the limitations window in which to file a habeas petition." *Thoresen v. Titus*, No. 20-CV-0769 (ECT/ECW), 2020 WL 1977251, at *1 (D. Minn. Mar. 26, 2020), *report and recommendation adopted*, No. 20-CV-769 (ECT/ECW), 2020 WL 1976480 (D. Minn. Apr. 24, 2020). In certain cases, the statute of limitations may be equitably tolled "if the

petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Williams v. Kelley*, 830 F.3d 770, 772-73 (8th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Here, however, this Court cannot know until Melancon actually files a habeas petition whether he has been pursuing his rights diligently or extraordinary circumstances prevented him from filing a habeas petition earlier. *Thoresen*, 2020 WL 1977251, at *1. Accordingly, this Court finds that Melancon's request for prospective equitable tolling should be denied without prejudice. This Court observes that this does not preclude Melancon from filing a habeas petition, nor does it foreclose his right to argue at that time that such a petition should be equitably tolled.

## RECOMMENDATION

Based on the foregoing, and on all of the files herein, **IT IS HEREBY RECOMMENDED** that:

1.      The motion of Maurice Cairo Melancon (Doc. No. 1) be **DENIED** without prejudice;

2.      This action be **DISMISSED**;

3.      The application of Maurice Cairo Melancon to proceed *in forma pauperis* (Doc. No. 2) be **DENIED** as moot; and

4.      The Clerk's Office be directed to send Maurice Cairo Melancon a copy of the Court's standard template for Section 2254 Habeas Actions.

Date: December 11, 2020                    _s/ Becky R. Thorson_____
                                           BECKY R. THORSON
                                           United States Magistrate Judge


## **<u>NOTICE</u>**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).